# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF UTAH—CENTRAL DIVISION

| | |
|---|---|
| LESLIE BOLINDER,<br><br>Plaintiff,<br><br>v.<br><br>EMERY COUNTY, a political subdivision of the State of Utah, and the EMERY COUNTY CAREER SERVICES COUNCIL,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:17-CV-00371-RJS<br><br>Judge Robert J. Shelby |

On February 1, 2017, Plaintiff filed her Petition for Judicial Review of the Emery County Career Services Council's decision in the Seventh Judicial District in Emery County, Utah.[1] Defendants Emery County and Emery County Career Services Council (CSC) removed this action from the Seventh District Court on May 9, 2017.[2] Defendants then filed this Motion to Remand Plaintiff's Petition of Review of the CSC's decision back to the Seventh District Court arguing this court lacks jurisdiction to review state administrative agency decisions.[3]

For the reasons discussed below, the court concludes Plaintiff's first cause of action—the review of the CSC's decision—is within its supplemental jurisdiction. The court declines to sever and remand the claim to state court. Defendants' Motion is denied.

---

[1] Dkt. 2, Ex. 1 at 4–6.
[2] *Id.*
[3] Dkt. 11.

1

## BACKGROUND

This action arises from the termination of Leslie Bolinder's employment with Emery County, Utah. She was employed by the County as an Executive Administrative Assistant.[4] In that role, Ms. Bolinder assisted the three Emery County Commissioners.[5] On June 2, 2016, after approximately 27 years of employment with the County, Ms. Bolinder was informed that her position had been "restructured" into three part-time positions "effective immediately."[6] The Commissioners did not hold a public meeting to discuss their decision to restructure Ms. Bolinder's position.[7]

Ms. Bolinder filed a grievance in accordance with the County's policies and procedures.[8] That grievance eventually led to a hearing before the CSC.[9] On January 4, 2017, the CSC ruled against Ms. Bolinder, finding that she "failed to meet her burden of proof in demonstrating by substantial evidence that the Commission's decision to reclassify her position was done 'primarily for the purpose of dismissing or otherwise disciplining the employee.'"[10]

Ms. Bolinder was a career service employee.[11] Accordingly, she was subject to the provisions of the Utah County Personnel Management Act.[12] On February 1, 2017 pursuant to her rights under this Act, Ms. Bolinder filed her petition for judicial review of the CSC's ruling in the Seventh Judicial District Court in Emery County, Utah.[13] On April 24, 2017, Ms. Bolinder filed an Amended Complaint asserting two more causes of action in addition to her petition for

---

[4] Dkt. 12 at 1.
[5] Dkt. 11 at 2.
[6] Dkt. 12 at 2.
[7] *Id.*
[8] Dkt. 11 at 3.
[9] *Id.*
[10] Dkt. 11-1 at 5.
[11] Dkt. 11 at 2.
[12] *Id.* at 3; Utah Code §17-33-4.
[13] Dkt. 12 at 2.

judicial review.[14] The additional claims include a state law claim for wrongful termination in violation of clear and substantial public policy and a federal law claim for deprivation of due process rights in violation of 42 U.S.C. §1983.[15]

Defendants removed the action to this court based on Plaintiff's due process claim.[16] Defendants subsequently filed the current Motion to Remand Ms. Bolinder's first cause of action—that is, her petition for judicial review of the CSC's decision.[17] Plaintiff opposed Defendant's Motion.[18]

## ANALYSIS

Under to 28 U.S.C. §1441(c), "(1) If a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States . . . , and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed…."[19] The statute continues, " (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed."[20]

Defendants contend the court must sever and remand Plaintiff's first cause of action because it lacks jurisdiction to hear the claim. The court finds Defendant's argument unpersuasive and concludes Plaintiff's claim is within its supplemental jurisdiction.

---

[14] *Id.*
[15] *Id.*
[16] Dkt. 2.
[17] Dkt. 11.
[18] Dkt. 12.
[19] 28 U.S.C. §1441(c).
[20] *Id.*

# I. Plaintiff's First Cause of Action Is Within the Courts Jurisdiction

Defendants argue Utah's statute prohibits the federal district court from exercising jurisdiction over Plaintiff's first cause of action. Defendants also argue this court cannot exercise its supplemental jurisdiction over state administrative appeals. The court considers each argument in turn.

## A. Utah County Personnel Management Act

Defendants argue the Utah County Personnel Management Act prohibits this court from exercising jurisdiction over Plaintiff's appeal.[21] Defendants assert the language of the Act requires adverse decisions by the CSC to be appealed to the state district court. The statute states, "a person adversely affected by a decision of the career service council may appeal the decision to the *district court*."[22] Thus, Defendants argue the statute does not give the federal district court subject matter jurisdiction to hear Plaintiff's appeal.

This court agrees that "district court" as used in the statute refers to the state district court.[23] Defendants' contention that such an interpretation also means this court lacks subject matter jurisdiction, however, is without support. The plain language of the Act does not purport to limit federal jurisdiction.[24] The Act does not include language stating that federal district courts may not hear CSC appeals, nor is there language mandating that appeals of adverse CSC decisions are non-removable.[25] Here, Plaintiff followed the very procedure Defendants argue the statute requires—that is, she appealed the CSC's decision to the Seventh Judicial District Court in Emery County.

---

[21] Dkt. 15 at 2.
[22] Utah Code § 17-33-4 (emphasis added).
[23] *Id.*
[24] The court also notes that "[o]nly Congress may determine a lower court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) (citing U.S. Const., Art. III, § 1).
[25] *See* Utah Code § 17-33-4.

The court concludes the Utah statute does limit its subject matter jurisdiction over Plaintiff's first cause of action.

*B. Supplemental Jurisdiction Over Review of State Administrative Agency Decisions*

Defendants also argue this court cannot exercise supplemental jurisdiction over state administrative appeals. Defendants assert this court is "NOT vested…with appellate jurisdiction over state administrative appeals."[26] Further, Defendants contend 28 U.S.C. §1367 does not vest the court with supplemental jurisdiction to review the CSC's ruling in Plaintiff's case.[27]

The Supreme Court has instructed otherwise, explaining that state court actions involving claims challenging the decisions of state or local agencies may be removed to federal court when removal jurisdiction has been established.[28] Once removed to federal court, the Supreme Court clarified, "[t]here is nothing in the text of §1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination."[29] Instead, the Court continued, "the statute generally confers supplemental jurisdiction over 'all other claims' in the same case or controversy as a federal question."[30]

In *City of Chicago v. International College of Surgeons*, the plaintiff brought an action in state court including claims that local administrative actions violated federal laws and state law claims for on-the-record review of state administrative findings, similar to Plaintiff here.[31] The defendant then removed the action to federal court.[32] On appeal to the Supreme Court, the plaintiff argued the federal district court could not exercise supplemental jurisdiction over the

---

[26] Dkt. 15 at 3.
[27] *Id.*
[28] *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997).
[29] *Id.* at 169.
[30] *Id.*
[31] *Id.* at 160.
[32] *Id.* at 161.

5

review of state administrative findings.[33] Ultimately, the Court concluded it was proper for the federal court to exercise its supplemental jurisdiction over the review of the state administrative findings.[34] This court finds *International College of Surgeons* controlling.

Notwithstanding the holding in *International College of Surgeons*, Defendants cite to several other cases for the proposition that this court cannot exercise supplemental jurisdiction over state administrative appeals. Upon close review, the court concludes these cases, all of which preceded the Supreme Court's *International College of Surgeons* decision, do not support Defendants' position.[35]

---

[33] *Id.* at 168–69.

[34] *Id.* at 174.

[35] In *Bush v. Real Estate Comm'n*, 1993 WL 523198 (10th Cir. 1993), the plaintiff attempted to recover her Colorado real estate license. *Id.* at 1. She was deprived of that license following state administrative procedures, but she failed to take advantage of the appellate remedies available to her. *Id.* Instead, she filed her appeal directly in federal district court. *Id.* In dismissing her claim, the court stated, "It is not within the jurisdiction of federal courts to review the administrative decisions of state agencies." *Id.* But, as Ms. Bolinder argued in her Opposition to this Motion, *Bush* did not involve the concurrent assertion of federal claims over which the federal district court could have asserted original jurisdiction—and by extension, supplemental jurisdiction over the state law claims. Furthermore, the Tenth Circuit made clear that *Bush* "has no precedential value and shall not be cited, or used by any court within the Tenth Circuit." *Id.* at n.1.

Next, in *Anderson v. State of Colorado,* 793 F.2d 262 (10th Cir. 1986), a father attempted to invoke federal habeas corpus jurisdiction in what the court understood as an attempt to "undo the custody decision of a Colorado state court." *Id.* at 264. In its analysis, the court reiterated that federal district courts do not have jurisdiction to "review final state-court judgments in judicial proceedings." *Id.* at 263 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Ms. Bolinder, however, is not seeking federal review of a final state-court judgment. While she originally appealed the CSC's ruling to state court, Defendants chose to remove her appeal to federal court before she could receive a state court judgment. Thus, *Anderson* fails to support Defendants argument because hearing Plaintiff's first cause of action does not require this court to engage in federal appellate review of a state court judgment.

In *Misischia v. Pirie*, 60 F.3d 626 (9th Cir. 1995), the plaintiff failed the required exam for admission to practice dentistry in Hawaii three times. *Id.* at 627. Members of the Dental Board reviewed his test results and upheld the failing test scores. *Id.* The plaintiff could have appealed the board's decision to the Hawaii Circuit Court, but chose not to do so. *Id.* at 628. Rather, he brought an action in federal court against the board members. *Id.* In its analysis the court noted, "[a] litigant cannot use supplemental jurisdiction to have a federal judge instead of a state judge perform the judicial review of a state administrative agency decision which the state statute assigns to a state court." *Id.* at 631. That is— if a state statute assigns the appeal of a state administrative agency decision to a state court, litigants cannot bypass that state court by using the federal district court's supplemental jurisdiction. As Ms. Bolinder did not attempt to bypass her appeal to the state district court, but was removed from that court to this one, *Misischia* does not support Defendants assertion either.

## II. Exercising Supplemental Jurisdiction Over Plaintiff's First Cause of Action is Appropriate.

Plaintiff asserts this court has supplemental jurisdiction to adjudicate her first cause of action. The court agrees. Once the court has "established federal jurisdiction, the relevant inquiry respecting the accompanying state claims is whether they fall within a district court's supplemental jurisdiction."[36] By statute the district courts "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[37] And "[a] claim is part of the same case or controversy if it 'derives from a common nucleus of operative facts.'"[38]

Even if jurisdiction is proper, however, pendent jurisdiction is discretionary.[39] The court must consider four factors when determining whether to decline supplemental jurisdiction: "(1) [whether] the claim raises a novel or complex issue of State law; (2) [whether] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) [whether] the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, [whether] there are other compelling reasons for declining jurisdiction."[40]

Here, the court concludes Plaintiff's first cause of action and the federal claim within the court's original jurisdiction both derive from a common nucleus of operative facts. Specifically, the facts for both the appeal of the CSC's decision and the 42 U.S.C. §1983 procedural and substantive due process claim derive from the events leading up to the termination of

---

[36] *College of Surgeons*, 522 U.S. at 167.
[37] 28 U.S.C. §1367(a).
[38] *Price v. Wolford*, 608 F.3d 698, 703 (10th Cir. 2010) (quoting *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997)).
[39] *International College of Surgeons*, 522 U.S. at 172.
[40] 28 U.S.C. § 1367(c).

7

Ms. Bolinder's employment with Emery County, her actual termination, and the events that followed her termination.

The court also concludes that none of the statutory factors weigh in favor of declining to exercise supplemental jurisdiction over the claim at this time. This case does not raise a complex or novel issue of state law, nor does Plaintiff's appeal predominate over the claim over which this court has original jurisdiction. The court has not dismissed the claim over which it has original jurisdiction, and there are no other compelling reasons for declining jurisdiction.

Based upon the foregoing, this court concludes it is appropriate to exercise its supplemental jurisdiction over Plaintiff's first cause of action.

## CONCLUSION

This court has supplemental jurisdiction over Plaintiff's first cause of action under 28 U.S.C. §1367(a). Under these circumstances, the court is not compelled to sever and remand according to 28 U.S.C. §1441(c). Accordingly, Defendant's Motion to Remand, Dkt. 11, is DENIED.

Because the court has so decided, Defendants' Motion to Stay Pending Remand of Claim for Judicial Review to the Seventh District Court, Dkt. 18, is DENIED as moot.

SO ORDERED this 18th day of December, 2017.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge